IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:_____

RENATA SANTELLI DA SILVA
and CLAUDIA ANNUZA,

      Plaintiffs,

vs.

AMERICA EXPERT, LLC,
a Florida Limited Liability Company,
and SIMONE O. PALMA, Individually,

      Defendants.

_____/

## **COMPLAINT**

Plaintiffs, RENATA SANTELLI DA SILVA ("Da Silva") and CLAUDIA ANNUZA ("Annuza") (jointly "Plaintiffs"), sue Defendants, AMERICA EXPERT, LLC ("America Expert") and SIMONE O. PALMA ("Palma") (jointly "Defendants") and allege as follows:

### **INTRODUCTION**

1.    This is an action for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), for damages stemming from Defendants' retaliatory discharge of Da Silva pursuant to the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), and for violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Florida Statute §501.201 *et seq*.

2.    Plaintiffs seek damages within this court's jurisdictional requirements, attorneys' fees and costs, and all other remedies allowable by law.

PERERA BARNHART ALEMAN, P.A.
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

**PARTIES, JURISDICTION AND VENUE**

3.      America Expert is, and at all relevant times was, a Florida limited liability company with its principal place of business in Broward County, Florida.

4.      Palma is, and at all relevant times was, a manager and member of America Expert, who conducted business in Broward County, Florida.

5.      Plaintiffs were formerly employed by Defendants and performed work for Defendants in Broward County, Florida.

6.      Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiffs in this District, and the claims arose within this District.

**GENERAL ALLEGATIONS**

A.  **Defendants' Business and Employment Of Plaintiffs**

7.      America Expert is an international management consulting firm, with its U.S. office located in Hallandale Beach, Florida.

8.      America Expert's corporate website advertises its business not only throughout the United States but to the world in English, Spanish and Portuguese.[1]

9.      Da Silva began working for Defendants on or about November 2013.

10.      Annuza began working for Defendants in or about September 2018.

11.      Palma was Plaintiffs' direct supervisor and ran the day-to-day operation of America Expert.

12.      Da Silva ceased working for Defendants on or about July 31, 2019.

13.      Annuza ceased working for Defendants on or about September 8, 2019.

---

[1]   https://americaexpert.com/en/

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

14.     Defendants were Plaintiffs' employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

**B.  Defendants' Illegal Payment Practices as to Da Silva**

15.     Da Silva was required to clock in at the beginning of each workday and clock out at the conclusion of each workday.

16.     Defendants however, frequently required Da Silva to perform work while she was off-the-clock.

17.     After witnessing Da Silva clock-out on the security camera Defendants maintained in America Expert's office, Palma would often ask Da Silva to remain at the office off-the-clock and perform additional tasks.

18.     On many occasions, Da Silva was expected to, and did, perform work on weekends off-the-clock

19.     Defendants' time records did not account for Da Silva's off-the-clock hours despite knowing Da Silva continued working for the benefit of the business.

20.     For many work hours, Da Silva received no compensation whatsoever despite Defendants knowledge of such work performed.

21.     Whenever Da Silva received compensation for overtime hours worked, it was paid via a manual check from America Expert's operating account.  These checks failed to include the proper payroll deductions, despite Defendants knowing and classifying Da Silva as a W-2 employee during a portion of the relevant period.  Further, Da Silva's overtime hours were paid at a straight-time rate rather than the time-and-a-half rate mandated by the FLSA.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

22.     On average, Da Silva was required to work roughly fifteen (15) hours of overtime each week during the relevant time period.

23.     From late December 2017 to early January 2018, Da Silva was hospitalized but continued working for Defendants from her hospital bed at Defendants' insistence (the "Hospitalization Hours").

24.     Despite forcing Da Silva to work through her health crisis, Defendants did not compensate Da Silva for a single hour of the Hospitalization Hours.

25.     Throughout Da Silva's employment, Defendants had knowledge of Da Silva's work hours, but purposefully and willfully failed to provide Da Silva with complete and adequate minimum wage and overtime pay in violation of the FLSA.

26.     On several occasions, Da Silva verbally complained to Palma that she was not receiving adequate pay.

27.     Da Silva's last complaint occurred roughly two weeks before her separation from America Expert.

28.     Despite these complaints, including her final complaint, Defendants failed to take any action to remedy the lack of payments.

29.     Defendants willfully and intentionally refused to pay Da Silva in accordance with the FLSA.

30.     Due to Defendants' refusal to properly pay Da Silva due and owing wages, despite being put on notice of the same, Plaintiff had no choice but to resign from her employment thus resulting in a constructive discharge.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

C. **Defendants' Illegal Payment Practices as to Annuza**

31.     Annuza was required to clock in at the beginning of each workday and clock out at the conclusion of each workday.

32.     Defendants however, frequently required Annuza to perform work while she was off-the-clock.

33.     After witnessing Annuza clock-out on the security camera Defendants maintained in America Expert's office, Palma would often ask Annuza to remain at the office off-the-clock and perform additional tasks.

34.     Defendants' time records did not account for Annuza's off-the-clock hours despite knowing Annuza continued working for the benefit of the business.

35.     On average, Annuza was required to work roughly five (5) hours of overtime each week during the relevant time period.

36.     Annuza received no compensation whatsoever for her off-the-clock or overtime hours.

37.     Throughout Annuza's employment, Defendants had knowledge of Annuza's work hours, but purposefully and willfully failed to provide Annuza with complete and adequate minimum wage and overtime pay in violation of the FLSA.

38.     Defendants willfully and intentionally refused to pay Annuza in accordance with the FLSA.


**Defendants' Deduction Practice**

39.     Plaintiffs were also subject to a practice by Defendants under which Defendants unilaterally and arbitrarily deducted wages owed to Plaintiffs (the "Deduction Practice").

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

40.     Under the Deduction Practice, Defendants—through Palma—would reduce Plaintiffs' compensation as Defendants would pay for only a portion of the on the clock hours worked.

41.     These deductions occurred arbitrarily and done so only to benefit Defendants' bottom line profits.

42.     The Deduction Practice affected overtime wages owed to Plaintiffs, as it deprived Plaintiffs of full and proper payment for hours worked, and thus violated the FLSA's overtime provisions.

**D.  <u>Defendants' Misclassification of Da Silva</u>**

43.     In an effort to reduce costs and limit liability, Defendants have engaged in a pattern and practice of misclassifying its employees as independent contractors.

44.     When Da Silva began employment with Defendants she was classified as a W2 employee.

45.     Subsequently, Defendants changed Da Silva's classification from employee to independent contractor, with no change in her respective job duties.

46.     Defendants failed to perform any analysis or seek professional guidance to determine whether classifying Da Silva as an independent contractor was proper within the context of the FLSA.

47.     The purpose of Defendants' misclassification was to avoid paying employer payroll taxes, general liability, payment to the unemployment compensation fund, and other requirements imposed exclusively on employers.

48.     Defendants' unfair and deceptive conduct was in an effort to circumvent the following:

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

    i.    The FLSA;
    ii.    The Federal Insurance Contributions Act (for failing to pay "FICA" taxes);
    iii.    The Federal Unemployment Tax Act (for failing to pay "FUTA" taxes);
    iv.    The Internal Revenue Code;
    v.    Fla. Stat. § 440; and
    vi.    State Unemployment Tax Act.

49.     As a result, Da Silva was required to pay higher taxes because of Defendants' intentional misclassification and was deprived of unemployment compensation benefits.

### COUNT I
### OVERTIME VIOLATIONS BY AMERICA EXPERT UNDER
### THE FAIR LABOR STANDARDS ACT AS TO DA SILVA

50.     Da Silva, re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

51.     Upon information and belief, America Expert's annual volume of sales or business exceeded $500,000 during the relevant period.

52.     As part of its regular business, America Expert purchased goods and materials that traveled through interstate commerce.

53.     At all relevant times, America Expert employed two or more employees, including Da Silva, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

54.     Upon information and belief, America Expert obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

55.     America Expert, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant time period.

56.     America Expert is an employer engaged in interstate commerce and is subject to the FLSA.

57.     During her employment with America Expert, Da Silva worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

58.     Da Silva is owed unpaid overtime compensation pursuant to the FLSA.

59.     In addition, America Expert is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Da Silva respectfully requests that the Court:

a.      Enter judgment for Da Silva against America Expert under the FLSA;

b.      Award Da Silva actual damages for the unpaid overtime wages;

c.      Award Da Silva liquidated damages;

d.      Award Da Silva attorneys' fees and costs;

e.      Award Da Silva all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

### COUNT II
### OVERTIME VIOLATIONS BY PALMA UNDER
### THE FAIR LABOR STANDARDS ACT AS TO DA SILVA

60.     Da Silva re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

61.     During the entire relevant period, Palma was America Expert's managing member and owner.

62.     During the relevant period, Palma operated the day-to-day activities of America Expert and had supervisory authority and control over Da Silva.

63.     Palma was responsible for payroll and was partially or totally responsible for paying Da Silva's wages.

64.     During the relevant time period, Palma had the power to hire and fire.

65.     Palma was Da Silva's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

66.     During her employment with Defendants, Da Silva worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

67.     Palma had knowledge of the overtime hours worked by Da Silva.

68.     Da Silva is owed unpaid overtime compensation pursuant to the FLSA.

69.     Palma is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE,** Da Silva respectfully requests that the Court:

a.      Enter judgment for Da Silva against Palma under the FLSA;

b.      Award Da Silva actual damages for the unpaid wages;

c.      Award Da Silva liquidated damages;

d.      Award Da Silva attorneys' fees and costs;

e.      Award Da Silva all recoverable interest; and

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

f.      Award any other relief this Honorable Court deems just and proper.

## COUNT III
## MINIMUM WAGE VIOLATION BY AMERICA EXPERT
## UNDER THE FAIR LABOR STANDARDS ACT AS TO DA SILVA

70.     Da Silva re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

71.     As part of its business, America Expert purchased goods and materials that traveled through interstate commerce.  These goods and materials were regularly handled by two or more employees and/or resold by America Expert to customers during the relevant period.

72.     America Expert obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

73.     America Expert, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida during the relevant period.

74.     America Expert was an employer engaged in interstate commerce and subject to the FLSA during the relevant period.

75.     During Da Silva's employment with America Expert, America Expert paid Da Silva less than the standard minimum wage required by the FLSA.

76.     In addition to the back pay owed, America Expert is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Da Silva respectfully requests that the Court:

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

a.       Enter judgment for Da Silva against America Expert under the FLSA;

b.       Award Da Silva actual damages for the unpaid wages;

c.       Award Da Silva liquidated damages;

d.       Award Da Silva her attorneys' fees and costs;

e.       Award Da Silva all recoverable interest; and

f.       Award any other relief this Honorable Court deems just and proper.

**COUNT IV**
**MINIMUM WAGE VIOLATIONS BY PALMA**
**UNDER THE FAIR LABOR STANDARDS ACT AS TO DA SILVA**

77.       Da Silva re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

78.       During the relevant period, Palma was a managing member and owner of America Expert.

79.       During the relevant period, Palma operated the day-to-day activities of America Expert, had supervisory authority over Da Silva, and was partially or totally responsible for paying Da Silva's wages.

80.       Palma was Da Silva's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

81.       During Da Silva's employment with Defendants, Palma paid Da Silva less than the standard minimum wage required by the FLSA.

82.       Palma has failed to compensate Da Silva in accordance with the FLSA's minimum wage requirements.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

83.     In addition to the back pay owed, Palma is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA.

**WHEREFORE,** Da Silva respectfully requests that the Court:

a.      Enter judgment for Da Silva against Palma under the FLSA;

b.      Award Da Silva actual damages for the unpaid wages;

c.      Award Da Silva liquidated damages;

d.      Award Da Silva attorneys' fees and costs;

e.      Award Da Silva all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

<u>**COUNT V**</u>
<u>**FAIR LABOR STANDARDS ACT**</u>
<u>**RETALIATION VIOLATION AGAINST AMERICA EXPERT AS TO DA SILVA**</u>

84.     Da Silva, re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

85.     Due to America Expert's continued non-payment, Da Silva complained to Palma about Defendants' practice of not compensating her for hours worked and demanded that she receive her proper pay.

86.     America Expert ignored Da Silva's complaints and refused to pay her appropriately.

87.     On or about June 31, 2019, Da Silva was constructively discharged from employment with America Expert due to America Expert's persistent refusal to pay Da Silva's proper wages.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

88.     America Expert constructively discharged Da Silva due to her complaints regarding not being paid proper for the hours he worked.

89.     Such retaliation violates Section § 215(a)(3) of the FLSA which states, in pertinent part, that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted, or caused to be instituted, any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…"

90.     America Expert's refusal to pay Da Silva the overtime compensation she was owed constituted an adverse employment action that was calculated to encourage Da Silva to separate her employment from America Expert.

91.     America Expert's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

92.     As a result of America Expert's direct violation of the FLSA, Da Silva has been damaged.

**WHEREFORE,** Da Silva, respectfully requests that the Court:

  a.  Enter judgment for Da Silva against America Expert under the FLSA for unlawful retaliation;

  b.  Award Da Silva actual damages for the back wages;

  c.  Award Da Silva liquidated damages;

  d.  Award Da Silva actual damages for the front/future wages;

  e.  Award Da Silva compensatory damages;

  f.  Award Da Silva her attorneys' fees and costs;

  g.  Award Da Silva all recoverable interest; and

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

h.   Award any other relief this Honorable Court deems just and proper.

**COUNT VI**
**FAIR LABOR STANDARDS ACT**
**RETALIATION VIOLATION AGAINST AMERICA EXPERT AS TO DA SILVA**

93.     Da Silva, re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

94.     Due to Palma's continued non-payment, Da Silva complained to Palma about Palma's practice of not compensating her for hours worked.  Da Silva demanded that she receive her proper pay.

95.     Palma ignored Da Silva's complaints and refused to pay her appropriately.

96.     On or about June 31, 2019, Da Silva was constructively discharged from employment with Palma due to Palma's persistent refusal to pay Da Silva's proper wages.

97.     Palma constructively discharged Da Silva due to her complaints regarding not being paid proper wages for the hours he worked.

98.     Such retaliation violates Section § 215(a)(3) of the FLSA which states, in pertinent part, that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted, or caused to be instituted, any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…"

99.     Palma's refusal to pay Da Silva the compensation owed to Da Silva constituted an adverse employment action that was calculated to encourage Da Silva to separate her employment from Palma.

100.    Palma's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

14

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

101.    As a result of Palma's direct violation of the FLSA, Da Silva has been damaged.

**WHEREFORE,** Da Silva, respectfully requests that the Court:

    a.  Enter judgment for Da Silva against Palma under the FLSA for unlawful retaliation;

    b.  Award Da Silva actual damages for the back wages;

    c.  Award Da Silva liquidated damages;

    d.  Award Da Silva actual damages for the front/future wages;

    e.  Award Da Silva compensatory damages;

    f.  Award Da Silva her attorneys' fees and costs;

    g.  Award Da Silva all recoverable interest; and

    h.  Award any other relief this Honorable Court deems just and proper.

## <u>COUNT VII</u>
## <u>FDUTPA CLAIM AGAINST AMERICA EXPERT AS TO DA SILVA</u>

102.    Da Silva re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

103.    The Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Flat. Stat. §501.204 *et seq*., renders unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

104.    Through its business, America Expert during all relevant times, has been engaged in trade or commerce as defined by FDUTPA.

105.    During the course of Da Silva's employment with America Expert, America Expert intentionally misclassified Da Silva, an America Expert employee, as an independent contractor.

106.    In fact, America Expert engaged in a pattern and practice of misclassification as it misclassified other employees as independent contractors.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

107.    America Expert's misclassification of employees as independent contractors, upon information and belief, continues to occur.

108.    America Expert's consistent misclassification of employees has resulted in substantial cost savings to America Expert and have provided America Expert with an unfair competitive advantage against its competitors who comply with their legal obligations.

109.    Among other things, America Expert has avoided paying minimum wage and overtime compensation, employer payroll taxes, general liability, and paying for workers' compensation insurance for all of its employees.

110.    The misclassification has damaged Da Silva by, among other things, requiring Da Silva to pay higher taxes because America Expert has not paid its share of payroll taxes and depriving Da Silva of unemployment benefits.

111.    FDUTPA allows any "person" who has suffered a loss under the Act to file suit thereunder.

112.    Da Silva is therefore protected by FDUTPA.

113.    Upon information and belief, America Expert will continue to misclassify employees as independent contractors without court intervention.

**WHEREFORE,** Da Silva respectfully requests that the Court:

     a.     Enter judgment against America Expert;

     b.     Award damages under FDUTPA;

     c.     Enjoin A from further violations of FDUTPA;

     d.     Award attorneys' fees and costs;

     e.     Award all recoverable interest; and

     f.     Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

## COUNT VIII
## FDUTPA CLAIM AGAINST PALMA AS TO DA SILVA

114.     Da Silva re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

115.     The Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Flat. Stat. §501.204 *et seq*., renders unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

116.     As Manager of America Expert, Palma at all relevant times, has been engaged in trade or commerce as defined by FDUTPA.

117.     During the course of Da Silva's employment with America Expert, Palma intentionally misclassified Da Silva, an employee, as an independent contractor.

118.     Palma had knowledge that employee misclassification is a wrongful act.

119.     In fact, Palma directly participated in a pattern and practice of misclassification as she misclassified other employees as independent contractors.

120.     Palma's misclassification of employees as independent contractors, upon information and belief, continues to occur.

121.     Palma's consistent misclassification of employees has resulted in substantial cost savings to America Expert and Palma and has provided Palma with an unfair competitive advantage against her competitors who comply with their legal obligations.

122.     Among other things, Palma has avoided paying minimum wage and overtime compensation, employer payroll taxes, general liability, and paying for workers' compensation insurance for all of its employees.

123.     Palma had knowledge that withholding employee's overtime compensation is a wrongful act.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

124.     Palma had knowledge that avoiding payroll taxes is a wrongful act.

125.     Palma had knowledge that not providing workers' compensation insurance is a wrongful act.

126.     The misclassification has damaged Da Silva by, among other things, requiring Da Silva to pay higher taxes because Palma has not caused America Expert to pay its share of payroll taxes and depriving Da Silva of unemployment benefits.

127.     FDUTPA allows any "person" who has suffered a loss under the Act to file suit thereunder.

128.     Da Silva is therefore protected by FDUTPA.

129.     Upon information and belief, Palma will continue to misclassify employees as independent contractors without court intervention.

**WHEREFORE,** Da Silva respectfully requests that the Court:

a.     Enter judgment against Palma;

b.     Award damages under FDUTPA;

c.     Enjoin Palma from further violations of FDUTPA;

d.     Award attorneys' fees and costs;

e.     Award all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

<u>**COUNT IX**</u>
<u>**OVERTIME VIOLATIONS BY AMERICA EXPERT UNDER**</u>
<u>**THE FAIR LABOR STANDARDS ACT AS TO ANNUZA**</u>

130.     Annuza, re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

131.    Upon information and belief, America Expert's annual volume of sales or business exceeded $500,000 during the relevant period.

132.    As part of its regular business, America Expert purchased goods and materials that traveled through interstate commerce.

133.    At all relevant times, America Expert employed two or more employees, including Annuza, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

134.    Upon information and belief, America Expert obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

135.    America Expert, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant time period.

136.    America Expert is an employer engaged in interstate commerce and is subject to the FLSA.

137.    During her employment with America Expert, Annuza worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

138.    Annuza is owed unpaid overtime compensation pursuant to the FLSA.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

139.    In addition, America Expert is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Annuza respectfully requests that the Court:

a.    Enter judgment for Annuza against America Expert under the FLSA;

b.    Award Annuza actual damages for the unpaid overtime wages;

c.    Award Annuza liquidated damages;

d.    Award Annuza attorneys' fees and costs;

e.    Award Annuza all recoverable interest; and

f.    Award any other relief this Honorable Court deems just and proper.

## COUNT X
## OVERTIME VIOLATIONS BY PALMA UNDER
## THE FAIR LABOR STANDARDS ACT AS TO ANNUZA

140.    Annuza re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

141.    During the entire relevant period, Palma was America Expert's Manager and owner.

142.    During the relevant period, Palma operated the day-to-day activities of America Expert and had supervisory authority and control over Annuza.

143.    Palma was responsible for payroll and was partially or totally responsible for paying Annuza's wages.

144.    During the relevant time period, Palma had the power to hire and fire.

145.    Palma was Annuza's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

146.    During her employment with Defendants, Annuza worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

147.    Palma had knowledge of the overtime hours worked by Annuza.

148.    Annuza is owed unpaid overtime compensation pursuant to the FLSA.

149.    Palma is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE,** Annuza respectfully requests that the Court:

a.    Enter judgment for Annuza against Palma under the FLSA;

b.    Award Annuza actual damages for the unpaid wages;

c.    Award Annuza liquidated damages;

d.    Award Annuza attorneys' fees and costs;

e.    Award Annuza all recoverable interest; and

f.    Award any other relief this Honorable Court deems just and proper.

## COUNT XI
## MINIMUM WAGE VIOLATION BY AMERICA EXPERT UNDER THE FAIR LABOR STANDARDS ACT AS TO ANNUZA

150.    Annuza re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

151.    As part of its business, America Expert purchased goods and materials that traveled through interstate commerce.  These goods and materials were regularly handled by two or more employees and/or resold by America Expert to customers during the relevant period.

152.    America Expert obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

153.    America Expert, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida during the relevant period.

154.    America Expert was an employer engaged in interstate commerce and subject to the FLSA during the relevant period.

155.    During Annuza's employment with America Expert, America Expert paid Annuza less than the standard minimum wage required by the FLSA.

156.    In addition to the back pay owed, America Expert is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Annuza respectfully requests that the Court:

a.      Enter judgment for Annuza against America Expert under the FLSA;

b.      Award Annuza actual damages for the unpaid wages;

c.      Award Annuza liquidated damages;

d.      Award Annuza her attorneys' fees and costs;

e.      Award Annuza all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

## COUNT XII
## MINIMUM WAGE VIOLATIONS BY PALMA
## UNDER THE FAIR LABOR STANDARDS ACT AS TO ANNUZA

157.    Annuza re-alleges and incorporates by reference the allegations in paragraphs 1 through 49 above as if fully set forth herein.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

158.    During the relevant period, Palma was a Manager and owner of America Expert.

159.    During the relevant period, Palma operated the day-to-day activities of America Expert, had supervisory authority over Annuza, and was partially or totally responsible for paying Annuza's wages.

160.    Palma was Annuza's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

161.    During Annuza's employment with Defendants, Palma paid Annuza less than the standard minimum wage required by the FLSA.

162.    Palma has failed to compensate Annuza in accordance with the FLSA's minimum wage requirements.

163.    In addition to the back pay owed, Palma is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA.

**WHEREFORE,** Annuza respectfully requests that the Court:

a.      Enter judgment for Annuza against Palma under the FLSA;

b.      Award Annuza actual damages for the unpaid wages;

c.      Award Annuza liquidated damages;

d.      Award Annuza attorneys' fees and costs;

e.      Award Annuza all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

## <u>JURY TRIAL</u>

Plaintiffs hereby request a trial by jury with respect to all claims so triable.

PERERA BARNHART ALEMAN
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Dated:  December 6, 2019

Respectfully submitted,

By: */s/ Valerie B. Barnhart*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Bayardo E. Aleman, Esq.
Florida Bar No. 28791
Bayardo@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
Waynice A. Green-Musgrove, Esq.
Florida Bar No. 116175
waynice@pba-law.com
**PERERA BARNHART ALEMAN**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*